IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| GEORGE SCOTT KELLY, | ) | |
| | ) | Civil No. 06-1334-ST |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

    Stephen R. Sady
    Chief Deputy Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Karin J. Immergut
    United States Attorney
    James L. Sutherland
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

///

1 - OPINION AND ORDER

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") computation of his good conduct time ("GCT"). All parties have consented to allow a Magistrate Judge to enter final orders and judgments in this case in accordance with FRCP 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Petition for Writ of Habeas Corpus (docket #1) is GRANTED.

## BACKGROUND

Petitioner is currently incarcerated at FCI-Sheridan based on his 2003 conviction for Felon in Possession of a Firearm in the Central District of California. At issue in this case is the duration of petitioner's sentence stemming from this conviction.

Currently, the BOP is awarding petitioner GCT based on a 42-month sentence, leaving petitioner with a projected release date of May 2, 2007. Petitioner asserts that he was actually sentenced to 70 months in prison and that if BOP recomputes his GCT accordingly, he is entitled to immediate release to supervision and transfer to a community corrections center.

## DISCUSSION

At the time petitioner was sentenced for his federal firearms conviction, he had been incarcerated in a California state prison for 28 months on related charges. The state incarceration played a significant part during petitioner's subsequent sentencing on his

2 - OPINION AND ORDER

federal firearms conviction.  The pertinent part of the Judgment reads as follows:

> [I]t is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 42 MONTHS.  Said Sentence shall run concurrently with the undischarged state terms of imprisonment in both cases Nos FWV 023814 and FWV 024263 Superior Court of State of California, County of San Bernardino.
>
> The sentence of imprisonment is imposed pursuant to United States Sentencing Commission, Guidelines Manual section 5G1.3(b).  The Court adjusted the sentence from 70 months custody to 42 months custody to give defendant credit for a 28 month period of imprisonment already served by defendant as the result of conduct taken into account in determining the guideline range for the instant offense of conviction based on this Court's determination that such 28 month period of imprisonment will not be credited to this federal sentence by the Bureau of Prisons.
>
> The imposition of [a] sentence of 42 months imprisonment is not a departure from the guideline range because the defendant has been credited for guideline purposes under section 5G1.3(b) with 28 months served in state custody that will not be credited to the federal sentence under 18 USC section 3585(b).

Respondent's Exhibit 1, p. 1.

The Sentencing Guidelines Manual provides that where, as here:

> . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3.

When a court imposes such a concurrent sentence, it "should adjust for any term of imprisonment already served as a result of

3 - OPINION AND ORDER

the conduct taken into account in determining the sentence for the instant offense."  Id, comment (n. 2) (Nov. 1993).

The sentencing judge in petitioner's case followed these instructions, running petitioner's federal firearms conviction concurrent to his related state convictions.  The sentencing judge also made it clear that he intended to sentence petitioner to the 70-month term required by the Sentencing Guidelines, with an adjustment to 42 months "to give defendant credit for a 28 month period of imprisonment already served by defendant . . . ."  Petitioner's Exhibit 1, p. 1.  Although the Judgment also states that the 28 months of time served "will not be credited to this federal sentence by the Bureau of Prisons[,]" it does so only to ensure that the 28 months will not be applied to the 42-month figure in the Judgment.

Although the Judgment might appear ambiguous at first glance, it is clear that the sentencing judge intended to impose a 70-month term of imprisonment on petitioner's federal firearms conviction.  Accordingly, respondent's contention that petitioner is serving a 42-month sentence is incorrect.  Because the 28 months in state prison is counted as a portion of his total federal sentence, petitioner should have accrued GCT during that period.  See 18 U.S.C. § 3624(b) (requiring award of GCT for a prisoner's full term of imprisonment so long as the sentence exceeds one year but is not for the duration of the prisoner's life).  Therefore, respondent

4 - OPINION AND ORDER

shall recalculate petitioner's sentence immediately to determine his earned GCT based on a 70-month sentence and transfer him to community corrections as appropriate.

## **ORDER**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) is GRANTED. Respondent is ORDERED to immediately recalculate petitioner's good conduct time based on a 70-month sentence and transfer him to community corrections as appropriate.

DATED this <u>10th</u> day of January, 2007.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

5 - OPINION AND ORDER